# CIVIL COVER SHEET

**APPENDIX H**

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Lenfest Group, LLC

**DEFENDANTS**
Kestrel Technologies, Inc. and Edward L. Bishop, III

(b) County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 610.834.8819
Scott M. Rothman, Halberstadt Curley, LLC
1100 E. Hector St., Ste. 425, Conshohocken, PA 19428

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **N/A**
Brief description of cause: **Breach of promissory note**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$250,000.00+**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **April 30, 2007**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| The Lenfest Group, LLC | : | CIVIL ACTION |
| v. | : | |
| Kestrel Technologies, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| April 24, 2007 | Scott M. Rothman | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-834-8819 | 610-834-8813 | srothman@halcur.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE LENFEST GROUP, LLC<br><br>                     Plaintiff,<br>v.<br><br>KESTREL TECHNOLOGIES, INC. and<br>EDWARD L. BISHOP, III<br><br>                     Defendants. | CIVIL ACTION- LAW<br><br>NO. |

### COMPLAINT

#### Parties

1.    Plaintiff herein is The Lenfest Group, LLC ("Lenfest"), a Pennsylvania limited liability company with a principal place of business at Five Tower Bridge, Suite 460, 300 Barr Harbor Drive, West Conshohocken, Pennsylvania, 19428.

2.    Defendant herein is Kestrel Technologies, Inc. ("Kestrel"), a foreign corporation with a principal place of business and/or registered address for service at 40 Broad Street, 40th Floor, New York, New York, 10004.

3.    Defendant herein is Edward L. Bishop, III ("Bishop"), an adult individual with a place of residence at 111 East 80th Street, Apartment 8A, New York, New York, 10021-0352. Bishop is the President of Kestrel.

#### Jurisdiction and Venue

4.    Personal jurisdiction and venue are proper in this Commonwealth and in the judicial district because the Defendants are liable for payments due and owing to a resident of Montgomery County, Pennsylvania.

5. Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of diverse states and the amount in controversy exceeds the jurisdictional threshold of $75,000.

### Transactions and Occurrences

6. On April 1, 2004, Kestrel executed a Promissory Note (the "Note") in favor of Lenfest in the principal amount of $250,000.00. A true and correct copy of the Note is attached hereto as Exhibit "A."

7. The Note had a maturity date of March 31, 2005.

8. Kestrel did not repay any part of the principal on or before the maturity date.

9. Kestrel has made two payments following the maturity date, both of which were applied exclusively to accrued interest.

10. On December 5, 2005, Kestrel paid $50,054.79, which was applied entirely to then-accrued interest, reducing the outstanding debt from $300,054.79 to $250,000.00.

11. On April 23, 2007, Kestrel paid $37,500, which was applied entirely to interest that had accrued since the date of the prior payment, reducing the outstanding debt from $287,500.00 to $250,000.00.

12. Kestrel has made no other payments.

13. In executing the Note, Bishop agreed to personally guarantee Kestrel's performance of its repayment obligations.

14. Despite written demand, Kestrel and Bishop have failed to honor their respective obligations under the Note.

## COUNT I
## (Lenfest v. Kestrel)
## Breach of Contract

15. Lenfest incorporates each of the foregoing allegations as if set forth at length herein.

16. Kestrel executed a valid, binding Promissory Note in Lenfest's favor.

17. Kestrel has failed to repay the principal balance in accordance with its obligations under the Note.

18. Lenfest has suffered damages as a result of Lenfest's breach.

19. Pursuant to the terms of the Note, Lenfest is entitled to recover its attorney's fees and costs incurred in collecting the outstanding balance.

WHEREFORE, plaintiff, The Lenfest Group, LLC demands judgment in its favor and against Kestrel in an amount equal to $250,000.00, plus contractual interest going forward at a rate of 12% per annum, plus attorney's fees and costs, and such other relief as the Court deems appropriate.

## COUNT II
## (Lenfest v. Bishop)
## Breach of Guaranty

20. Lenfest incorporates each of the foregoing allegations as if set forth at length herein.

21. As Kestrel's President, Bishop agreed to a personally guarantee Kestrel's obligations under the note.

22. Despite demand, Bishop has not fulfilled his obligation as Guarantor of Kestrel's debt.

23. Bishop is liable for all amounts due and owing to Lenfest under the Note, including the outstanding principal, accrued interest, attorney's fees and costs.

WHEREFORE, plaintiff, The Lenfest Group, LLC demands judgment in its favor and against Kestrel in an amount equal to $250,000.00, plus contractual interest going forward at a rate of 12% per annum, plus attorney's fees and costs, and such other relief as the Court deems appropriate.

HALBERSTADT CURLEY, LLC

By: _____
Charles V. Curley
Scott M. Rothman

1100 E. Hector St., Suite 425
Conshohocken, PA  19428
(610) 834.8819
(610) 834.8813 (fax)
*Attorneys for Plaintiff*

Dated: 4/30/07

# Promissory Note

$250,000

40 Broad Street, 4th Floor
New York, NY 10004
1 April 2005

## Preface

Kestrel Technologies Inc., (the "Borrower"), FOR VALUE RECEIVED, hereby promises to pay to the order of H. F. Lenfest, Five Tower Bridge, Suite 460, 300 Barr Harbor Drive, West Conshohocken, PA 19428 (the "Lender"), the principal sum of TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($250,000).

## Maturity

The principal amount of this Note shall be payable in one sum on or before 31 March 2005, unless extended at the pleasure of the Lender. The Borrower may prepay the Note at any time prior to that date without penalty. The Lender may, upon providing the Borrower with 45 days advance notice anytime after 30 June 2004, terminate the Note prior to Maturity (the "Call Date").

The maturity of this note was extended on April 1st by the Lender to 30 September 2005 under the same terms as originally negotiated (12.0% interest).

## Interest

The Borrower promises to pay interest on the principal hereof upon maturity of the Note at the rate of 12.0% per annum. In the event of Premature Termination of this Note by the Lender, the interest rate will be 6.0% for the effective term thereof.

## Miscellaneous Consideration

As further consideration to the Lender for making this note, the Borrower grants the Lender a detachable warrant that entitles them to purchase one share of Kestrel common stock for every dollar of principal advanced. The warrant carries a strike price of $0.25 per share and is exercisable anytime prior to 31 December 2009.

## Security

This Note is guaranteed by Edward L. Bishop III ("ELB" or the "Guarantor"), President of the Borrower. Specifically, the Guarantor pledges Mackey' Lane Farm, located at 476 Mackey's Lane, Lexington Virginia, valued at $1.8 million, and his one-third interest in Hagerstown, LLC, a Maryland Limited Liability Corporation that controls a 125-acre parcel of industrial land in Washington County, Maryland, known as the "Keener Tract". Based on current comparable valuations, the property's estimated worth is $4.5 million net of transfer fees and taxes.

With respect thereto, the occurrence of any one of the following events shall constitute a default hereunder: (1) the failure of Borrower to pay the principal and interest due on this Note to Lender when due, (2) the failure to or perform any covenant, condition or agreement pursuant of the terms of this Note or pursuant to the terms of any documents executed in connection with this Note, (3) if any representation or warranty made herein shall be false, misleading or incorrect in any material respect.

EXHIBIT A

In the event of default under this Note and notwithstanding the payment of any late charges: (1) all payments shall become due and payable at the option of the Lender, (2) Borrower shall reimburse the Lender for any expenses, costs and attorney's fees which may be incurred in connection with the collection of any monies due under this Note or in connection with the enforcement of any rights under this Note.

Each right, power and remedy of the Lender, as provided for in this Note or which shall now or hereafter exist at law or in equity or by statute or otherwise, shall be cumulative and concurrent and shall be in addition to every other right, power or remedy; and the exercise by Lender of any one or more of such rights, powers or remedies shall not preclude the simultaneous or later exercise by Lender of any or all such other rights, powers, or remedies. If any of the provisions of this Note are held to be invalid or unenforceable, the remaining provisions shall be held to be in full force and effect.

No failure or delay by Lender to insist upon the strict performance of any term, condition or covenant of this Note, or to exercise any right, power or remedy upon a breach hereof, shall constitute a waiver of any such term, condition, covenant or agreement of any such breach, nor shall it preclude Lender from exercising any right, power or remedy at any later time or times, If Lender accepts any payment after the due date, this shall not constitute a waiver of his right to receive timely payment of all other amounts or to declare a default for the failure to pay the balance.

## Representations and Warranties

1. Borrower agrees that: (a) communications may be given to Borrower or Lender, as the case may be, at their respective addresses set forth in this Note, or such other addresses as may be subsequently specified in writing, and shall be effective when received; the phrases "written Notice" and "in writing" when used herein shall mean notice given in any form of writing however transmitted (whether by mail, E-mail, telex, telefax or otherwise); (b) this Note has been negotiated and executed in the State of New York and shall be governed by the laws of the state of New York, without giving effect to any conflict of law provisions thereof.

2. Borrower agrees to pay and hold Lender harmless from and against all out-of-pocket costs and expenses (including, without limitation, the fees and out-of-pocket expenses of counsel retained by Lender) arising in connection with the enforcement, protection and preservation of Lender' rights under this Note.

3. Borrower waives presentment, demand, protest or notice of any kind in connection with this Note.

KESTREL TECHNOLOGIES INC.

_____
Edward L. Bishop III
President

ACCEPTED

_____
H. F.(Gerry) Lenfest

**Kestrel Technologies**
**Promissory Note**

| Date | | Amount | # of days | Int. rate | Accrued Interest Month | Accrued Interest Total | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|
| 04/01/04 | 04/30/04 | 250,000.00 | 30 | 12% | 2,465.75 | 2,465.75 | 252,465.75 |
| 05/01/04 | 05/31/04 | 250,000.00 | 31 | 12% | 2,547.95 | 5,013.70 | 255,013.70 |
| 06/01/04 | 06/30/04 | 250,000.00 | 30 | 12% | 2,465.75 | 7,479.45 | 257,479.45 |
| 07/01/04 | 07/31/04 | 250,000.00 | 31 | 12% | 2,547.95 | 10,027.40 | 260,027.40 |
| 08/01/04 | 08/31/04 | 250,000.00 | 31 | 12% | 2,547.95 | 12,575.34 | 262,575.34 |
| 09/01/04 | 09/30/04 | 250,000.00 | 30 | 12% | 2,465.75 | 15,041.10 | 265,041.10 |
| 10/01/04 | 10/31/04 | 250,000.00 | 31 | 12% | 2,547.95 | 17,589.04 | 267,589.04 |
| 11/01/04 | 11/30/04 | 250,000.00 | 30 | 12% | 2,465.75 | 20,054.79 | 270,054.79 |
| 12/01/04 | 12/31/04 | 250,000.00 | 31 | 12% | 2,547.95 | 22,602.74 | 272,602.74 |
| 01/01/05 | 01/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 25,150.68 | 275,150.68 |
| 02/01/05 | 02/28/05 | 250,000.00 | 28 | 12% | 2,301.37 | 27,452.05 | 277,452.05 |
| 03/01/05 | 03/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 30,000.00 | 280,000.00 |
| 04/01/05 | 04/30/05 | 250,000.00 | 30 | 12% | 2,465.75 | 32,465.75 | 282,465.75 |
| 05/01/05 | 05/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 35,013.70 | 285,013.70 |
| 06/01/05 | 06/30/05 | 250,000.00 | 30 | 12% | 2,465.75 | 37,479.45 | 287,479.45 |
| 07/01/05 | 07/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 40,027.40 | 290,027.40 |
| 08/01/05 | 08/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 42,575.34 | 292,575.34 |
| 09/01/05 | 09/30/05 | 250,000.00 | 30 | 12% | 2,465.75 | 45,041.10 | 295,041.10 |
| 10/01/05 | 10/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 47,589.04 | 297,589.04 |
| 11/01/05 | 11/30/05 | 250,000.00 | 30 | 12% | 2,465.75 | 50,054.79 | 300,054.79 |
| Interest Payment | | | | | 0.00 | (50,054.79) | 250,000.00 |
| 12/01/05 | 12/31/05 | 250,000.00 | 31 | 12% | 2,547.95 | 2,547.95 | 252,547.95 |
| 01/01/06 | 01/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 5,095.89 | 255,095.90 |
| 02/01/06 | 02/28/06 | 250,000.00 | 28 | 12% | 2,301.37 | 7,397.26 | 257,397.26 |
| 03/01/06 | 03/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 9,945.21 | 259,945.21 |
| 04/01/06 | 04/30/06 | 250,000.00 | 30 | 12% | 2,465.75 | 12,410.96 | 262,410.96 |
| 05/01/06 | 05/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 14,958.90 | 264,958.91 |
| 06/01/06 | 06/30/06 | 250,000.00 | 30 | 12% | 2,465.75 | 17,424.66 | 267,424.66 |
| 07/01/06 | 07/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 19,972.60 | 269,972.61 |
| 08/01/06 | 08/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 22,520.55 | 272,520.55 |
| 09/01/06 | 09/30/06 | 250,000.00 | 30 | 12% | 2,465.75 | 24,986.30 | 274,986.31 |
| 10/01/06 | 10/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 27,534.25 | 277,534.25 |
| 11/01/06 | 11/30/06 | 250,000.00 | 30 | 12% | 2,465.75 | 30,000.00 | 280,000.01 |
| 12/01/06 | 12/31/06 | 250,000.00 | 31 | 12% | 2,547.95 | 32,547.95 | 282,547.95 |
| 01/01/07 | 01/31/07 | 250,000.00 | 31 | 12% | 2,547.95 | 35,095.89 | 285,095.90 |
| 02/01/07 | 02/28/07 | 250,000.00 | 28 | 12% | 2,301.37 | 37,397.26 | 287,397.27 |
| 03/01/07 | 03/31/07 | 250,000.00 | 31 | 12% | 2,547.95 | 39,945.21 | 289,945.21 |
| 04/01/07 | 04/23/07 | 250,000.00 | 23 | 12% | 1,890.41 | 41,835.62 | 291,835.62 |
| Interest Payment | | | | | 0.00 | (37,500.00) | 254,335.62 |
| 04/24/07 | 04/30/07 | 250,000.00 | 7 | 12% | 575.34 | 575.34 | 254,910.96 |